IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE PEAKE, | : | |
|     Plaintiff | : | Civil Action No. 1:05-CV-1687 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| DONALD PATTERSON, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

    This is an employment discrimination case brought by a public employee, who alleges that Defendants violated her First Amendment rights by retaliating against her for speaking out on matters of public importance. Before the Court are Plaintiff's and Defendants' motions in limine (Doc. Nos. 28-29) seeking to exclude certain evidence and testimony during trial. Plaintiff seeks to exclude testimony by her former spouse related to the stress imposed on Plaintiff by their divorce proceedings. Defendants seek to exclude all testimony and evidence related to claims that arose more than two years before Plaintiff's complaint was field and to prohibit Plaintiff from producing witnesses or documents not disclosed during discovery. For the following reasons, the Court will deny Plaintiff's and Defendants' motions.

**I.    THE COURT WILL DENY PLAINTIFF'S MOTION IN LIMINE**

    In her motion in limine, Plaintiff seeks to exclude testimony offered by her former spouse, Michael Dietrich, related to the stress of divorce on Plaintiff. In support of her motion, Plaintiff cites <u>Lanni v. State of New Jersey</u>, which found that "the prejudicial fact of divorce, through either testimony or divorce complaints, substantially outweighs any probative value and may divert the jury's attention from the actual issues." 177 F.R.D. 295, 303-04 (D.N.J. 1998). While the court in <u>Lanni</u> excluded the evidence, it expressly provided that evidence of divorce

would be permitted "for any appropriate impeachment and/or rebuttal purposes, as determined by the trial judge after the presentation of other evidence." Id.

In this case, Defendants have indicated that they wish to present testimony by Mr. Dietrich "only for the appropriate purposes of impeachment and/or rebuttal." (Defs.' Br. in Opp'n 2.) Accordingly, the Court will deny Plaintiff's motion, without prejudice.

## II.   THE COURT WILL DENY DEFENDANTS' MOTION IN LIMINE.

### A.   The admissibility of witnesses and documents not previously disclosed to Defendants during discovery

Defendants seek to bar Plaintiff from introducing the testimony of witnesses whose identities were not disclosed during discovery. Exclusion of evidence is an extreme sanction. Quinn v. Consol. Freightways Corp. of Del., 283 F.3d 572, 576 (3d Cir. 2002). Among the factors a court must consider before excluding evidence are: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with the district court's order." Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997) (quoting Meyers v. Pennypack Woods Home Ownership Assn., 559 F.2d 894, 904-05 (3d Cir. 1977)). Additionally, importance of the evidence is a factor that should be considered. Quinn, 283 F.3d at 576.

In this case, Defendants sole argument for the exclusion of testimony by Mr. Hooke and Ms. Hart is that Plaintiff did not identify them in discovery. Defendants have not demonstrated the existence of prejudice or the inability to cure such prejudice. They have not explained the

effect that the failure to disclose would have on trial. They have not suggested bad faith on the part of Plaintiff. Accordingly, the Court will deny the motion in limine seeking to preclude undisclosed evidence related to and testimony by Mr. Hooke and Ms. Hart.

### B. The admissibility of testimony and evidence related to claims arising more than two years before Plaintiff filed a complaint

Defendants also seek to exclude any evidence pertaining to retaliatory activity that occurred beyond the limitations period. In Pennsylvania, the applicable statute of limitations for § 1983 actions is two years. Sameric Corp. of Del. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Plaintiff filed the instant action on August 18, 2005. Thus, Defendants seek to exclude evidence related to any allegedly retaliatory actions occurring before August 18, 2003.

However, Defendants have not identified any particular actions that occurred before that date. Accordingly, the Court is unable to determine whether the "discovery" rule, see Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994), or some other principle might apply, see, e.g., O'Connor v. City of Newark, 440 F.3d 125, 127-28 (3d Cir. 2006) (describing the narrow circumstances in which the "continuing violations" doctrine might apply). Therefore, the Court is unable at this juncture to determine whether such evidence should be excluded.

### III. CONCLUSION

For the foregoing reasons, the Court will deny the motions in limine. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE PEAKE, | : | |
|     Plaintiff | : | Civil Action No. 1:05-CV-1687 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| DONALD PATTERSON, et al., | : | |
|     Defendants | : | |

## ORDER

**AND NOW**, on this 12th day of February, 2007, upon due consideration by the Court and for the reasons stated in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's and Defendants' motions in limine (Doc. Nos. 28-29) are **DENIED**.


    S/ Yvette Kane
    Yvette Kane, Chief Judge
    United States District Court
    Middle District of Pennsylvania